Helen F. Dalton & Associates, P.C.
Puja Sharma (PS 5933)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

**CV 16 2680**

**MATSUMOTO, J.**

**SCANLON, M.J.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE CARRETO, DOUGLAS GIOVANNI MEJIA, REILYN
TAVERAS, ALVIN J. TAVAREZ, JOSE ESTEVEZ TORIBIO,
LORENZO CABRERA GOMEZ, JULIO C. TAVAREZ, and
JUAN SUERO JIMENEZ, individually and on behalf of all others
similarly situated,

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs,

**JURY TRIAL DEMANDED**

-against-

M. LOPEZ CONTRACTING CORP., MATTIAS LOPEZ,
MARYANN RIBAUDO, and JOHN DOE a/k/a CHARLIE, as
individuals,

Defendants.
-----------------------------------------------------------------X

1. Plaintiffs, **JOSE CARRETO, DOUGLAS GIOVANNI MEJIA, REILYN TAVERAS, ALVIN J. TAVAREZ, JOSE ESTEVEZ TORIBIO, LORENZO CABRERA GOMEZ, JULIO C. TAVAREZ, and JUAN SUERO JIMENEZ, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiffs, **JOSE CARRETO, DOUGLAS GIOVANNI MEJIA, REILYN TAVERAS, ALVIN J. TAVAREZ, JOSE ESTEVEZ TORIBIO, LORENZO CABRERA GOMEZ, JULIO C. TAVAREZ, and JUAN SUERO JIMENEZ, individually and on behalf of all others similarly situated,** through undersigned counsel, brings this action against **M. LOPEZ CONTRACTING CORP.,**

1

MATSUMOTO, J.

**MATTIAS LOPEZ, MARYANN RIBAUDO, and JOHN DOE a/k/a CHARLIE, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at M. LOPEZ CONTRACTING CORP., located at 523 Townline Road, Suite 15, Hauppage, NY 11788.

3. Plaintiff **JOSE CARRETO** was employed by Defendants from in or around November 2013 until on or around September 5, 2015.
4. Plaintiff **DOUGLAS GIOVANNI MEJIA** was employed by Defendants from in or around July 2013 until on or around September 5, 2015.
5. Plaintiff **REILYN TAVERAS** was employed by Defendants from in or around August 10, 2015 until on or around September 5, 2015.
6. Plaintiff **ALVIN J. TAVAREZ** was employed by Defendants from in or around November 10, 2014 until on or around September 5, 2015.
7. Plaintiff **JOSE ESTEVEZ TORIBIO** was employed by Defendants from in or around August 2014 until on or around September 5, 2015.
8. Plaintiff **LORENZO CABRERA GOMEZ** was employed by Defendants from in or around April 2014 until on or around September 5, 2015.
9. Plaintiff **JULIO C. TAVAREZ** was employed by Defendants from in or around February 2014 until on or around September 5, 2015.
10. Plaintiff **JUAN SUERO JIMENEZ** was employed by Defendants from in or around May 2014 until in or around September 5, 2015.
11. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

### JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
13. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

14. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
15. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

16. Plaintiff JOSE CARRETO residing at 758 Kelly Street, Bronx, NY, was employed by Defendants at M. LOPEZ CONTRACTING CORP. from in or around November 2013 until on or around September 5, 2015.
17. Plaintiff DOUGLAS GIOVANNI MEJIA residing at 1809 Marmion Avenue, Bronx, NY, 10460 was employed by Defendants at M. LOPEZ CONTRACTING CORP. from in or around July 2013 until on or around September 5, 2015.
18. Plaintiff REILYN TAVERAS residing at 1047 Clay Avenue, Bronx, NY, was employed by Defendants at M. LOPEZ CONTRACTING CORP. from in or around August 10, 2015 until on or around September 5, 2015.
19. Plaintiff ALVIN J. TAVAREZ residing at 1212 St. Lawrence, Bronx, NY 10472, was employed by Defendants at M. LOPEZ CONTRACTING CORP. from in or around November 10, 2014 until on or around September 5, 2015.
20. Plaintiff JOSE ESTEVEZ TORIBIO residing at 2411 E. 3rd Street, Brooklyn, NY 11223, was employed by Defendants at M. LOPEZ CONTRACTING CORP. from in or around August 2014 until on or around September 5, 2015.
21. Plaintiff LORENZO CABRERA GOMEZ residing at 1515 Selwyn Avenue, Bronx, NY 10457, was employed by Defendants at M. LOPEZ CONTRACTING CORP. from in or around April 2014 until on or around September 5, 2015.
22. Plaintiff JULIO C. TAVAREZ residing at 1212 St. Lawrence, Bronx, NY 10472, was employed by Defendants at M. LOPEZ CONTRACTING CORP. from in or around February 2014 until on or around September 5, 2015.
23. Plaintiff JUAN SUERO JIMENEZ residing at 1212 St. Lawrence, Bronx, NY 10472, was employed by Defendants at M. LOPEZ CONTRACTING CORP. from in or around May 2014 until in or around September 5, 2015.

24. Upon information and belief, Defendant, M. LOPEZ CONTRACTING CORP., is a corporation organized under the laws of New York with a principal executive office at 523 Townline Road Suite 15, Hauppauge, NY 11788; 513 C Acorn Street, Deer Park, NY 11729; and 200 Parkway Drive South, Suite 301, Hauppauge, NY 11788.
25. Upon information and belief, Defendant, M. LOPEZ CONTRACTING CORP., is a corporation authorized to do business under the laws of New York.
26. Upon information and belief, Defendant MATTIAS LOPEZ owns and/or operates M. LOPEZ CONTRACTING CORP.
27. Upon information and belief, Defendant MATTIAS LOPEZ is the Chairman of the Board of M. LOPEZ CONTRACTING CORP.
28. Upon information and belief, Defendant MATTIAS LOPEZ is the Chief Executive Officer of M. LOPEZ CONTRACTING CORP.
29. Upon information and belief, Defendant MATTIAS LOPEZ is an agent of M. LOPEZ CONTRACTING CORP.
30. Upon information and belief, Defendant MATTIAS LOPEZ has power over personnel decisions at M. LOPEZ CONTRACTING CORP.
31. Upon information and belief, Defendant MATTIAS LOPEZ has power over payroll decisions at M. LOPEZ CONTRACTING CORP.
32. Defendant MATTIAS LOPEZ has the power to hire and fire employees at M. LOPEZ CONTRACTING CORP., establish and pay their wages, set their work schedule, and maintains their employment records.
33. During all relevant times herein, Defendant MATTIAS LOPEZ was Plaintiffs' employer within the meaning of the FLSA and NYLL.
34. Upon information and belief, Defendant MARYANN RIBAUDO owns and/or operates M. LOPEZ CONTRACTING CORP.
35. Upon information and belief, Defendant MARYANN RIBAUDO is the Chairman of the Board of M. LOPEZ CONTRACTING CORP.
36. Upon information and belief, Defendant MARYANN RIBAUDO is the Chief Executive Officer of M. LOPEZ CONTRACTING CORP.
37. Upon information and belief, Defendant MARYANN RIBAUDO is an agent of M. LOPEZ CONTRACTING CORP.

38. Upon information and belief, Defendant MARYANN RIBAUDO has power over personnel decisions at M. LOPEZ CONTRACTING CORP.
39. Upon information and belief, Defendant MARYANN RIBAUDO has power over payroll decisions at M. LOPEZ CONTRACTING CORP.
40. Defendant MARYANN RIBAUDO has the power to hire and fire employees at CFS M. LOPEZ CONTRACTING CORP., establish and pay their wages, set their work schedule, and maintains their employment records.
41. During all relevant times herein, Defendant MARYANN RIBAUDO was Plaintiffs' employer within the meaning of the FLSA and NYLL.
42. Upon information and belief, Defendant JOHN DOE a/k/a CHARLIE owns and/or operates M. LOPEZ CONTRACTING CORP.
43. Upon information and belief, Defendant JOHN DOE a/k/a CHARLIE is the Chairman of the Board of M. LOPEZ CONTRACTING CORP.
44. Upon information and belief, Defendant JOHN DOE a/k/a CHARLIE is the Chief Executive Officer of M. LOPEZ CONTRACTING CORP.
45. Upon information and belief, Defendant JOHN DOE a/k/a CHARLIE is an agent of M. LOPEZ CONTRACTING CORP.
46. Upon information and belief, Defendant JOHN DOE a/k/a CHARLIE has power over personnel decisions at M. LOPEZ CONTRACTING CORP.
47. Upon information and belief, Defendant JOHN DOE a/k/a CHARLIE has power over payroll decisions at M. LOPEZ CONTRACTING CORP.
48. Defendant JOHN DOE a/k/a CHARLIE has the power to hire and fire employees at CFS M. LOPEZ CONTRACTING CORP., establish and pay their wages, set their work schedule, and maintains their employment records.
49. During all relevant times herein, Defendant JOHN DOE a/k/a CHARLIE was Plaintiffs' employer within the meaning of the FLSA and NYLL.
50. On information and belief, M. LOPEZ CONTRACTING CORP. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or

produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

51. Plaintiff JOSE CARRETO was employed by Defendants at M. LOPEZ CONTRACTING CORP. from in or around November 2013 until on or around September 5, 2015.

52. During Plaintiff JOSE CARRETO'S employment by Defendants at M. LOPEZ CONTRACTING CORP., Plaintiff's primary duties were as a carpenter, laborer, demolition worker, cleaner, and performing other miscellaneous duties from in or around November 2013 until on or around September 5, 2015.

53. Plaintiff JOSE CARRETO was paid by Defendants approximately $18.75 per hour from in or about November 2013 until on or around September 5, 2015.

54. Although Plaintiff JOSE CARRETO worked approximately 63.25 (sixty-three and a quarter) hours or more per week during the period of his employment by Defendants from in or around November 2013 until on or around September 5, 2015, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

55. Plaintiff DOUGLAS GIOVANNI MEJIA was employed by Defendants at M. LOPEZ CONTRACTING CORP. from in or around July 2013 until on or around September 5, 2015.

56. During Plaintiff DOUGLAS GIOVANNI MEJIA'S employment by Defendants at M. LOPEZ CONTRACTING CORP., Plaintiff's primary duties were as a carpenter, laborer, demolition worker, cleaner, and performing other miscellaneous duties from in or around July 2013 until on or around September 5, 2015.

57. Plaintiff DOUGLAS GIOVANNI MEJIA was paid by Defendants approximately $15.00 per hour from in or about July 2013 until on or around September 5, 2015.

58. Although Plaintiff DOUGLAS GIOVANNI MEJIA worked approximately 73 (seventy-three) hours or more per week during the period of his employment by Defendants from in or around July 2013 until on or around September 5, 2015, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

59. Plaintiff REILYN TAVERAS was employed by Defendants at M. LOPEZ CONTRACTING CORP. from in or around August 10, 2015 until on or around September 5, 2015.

60. During Plaintiff REILYN TAVERAS' employment by Defendants at M. LOPEZ CONTRACTING CORP., Plaintiff's primary duties were as a laborer, demolition worker, cleaner, and performing other miscellaneous duties from in or around August 10, 2015 until on or around September 5, 2015.

61. Plaintiff REILYN TAVERAS was paid by Defendants approximately $10.00 per hour from in or about August 10, 2015 until on or around September 5, 2015.

62. Although Plaintiff REILYN TAVERAS worked approximately 65.5 (sixty-five and a half) hours or more per week during the period of his employment by Defendants from in or around August 10, 2015 until on or around September 5, 2015, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

63. Plaintiff REILYN TAVERAS was also not paid for one (1) day's worth of work before his termination.

64. Plaintiff ALVIN J. TAVAREZ was employed by Defendants at M. LOPEZ CONTRACTING CORP. from in or around November 10, 2014 until on or around September 5, 2015.

65. During Plaintiff ALVIN J. TAVAREZ'S employment by Defendants at M. LOPEZ CONTRACTING CORP., Plaintiff's primary duties were as a laborer, demolition worker, cleaner, driver, and performing other miscellaneous duties from in or around November 10, 2014 until on or around September 5, 2015.

66. Plaintiff ALVIN J. TAVAREZ was paid by Defendants approximately $10.00 per hour from in or about November 10, 2014 until on or around September 5, 2015.

67. Although Plaintiff ALVIN J. TAVAREZ worked approximately 66 (sixty-six) hours or more per week during the period of his employment by Defendants from in or around November 10, 2014 until on or around September 5, 2015, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

68. Plaintiff JOSE ESTEVEZ TORIBIO was employed by Defendants at M. LOPEZ CONTRACTING CORP. from in or around August 2014 until on or around September 5, 2015.

69. During Plaintiff JOSE ESTEVEZ TORIBIO'S employment by Defendants at M. LOPEZ CONTRACTING CORP., Plaintiff's primary duties were as a laborer, demolition worker, cleaner, and performing other miscellaneous duties from in or around August 2014 until on or around September 5, 2015.

70. Plaintiff JOSE ESTEVEZ TORIBIO was paid by Defendants approximately $11.00 per hour from in or about August 2014 until on or around September 5, 2015.

71. Although Plaintiff JOSE ESTEVEZ TORIBIO worked approximately 78 (seventy-eight) hours or more per week during the period of his employment by Defendants from in or around August 2014 until on or around September 5, 2015, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

72. Plaintiff JOSE ESTEVEZ TORIBIO was also unpaid for 4 hours of work on his last day.

73. Plaintiff LORENZO CABRERA GOMEZ was employed by Defendants at M. LOPEZ CONTRACTING CORP. from in or around April 2014 until on or around September 5, 2015.

74. During Plaintiff LORENZO CABRERA GOMEZ'S employment by Defendants at M. LOPEZ CONTRACTING CORP., Plaintiff's primary duties were as a laborer, demolition worker, cleaner, and performing other miscellaneous duties from in or around April 2014 until on or around September 5, 2015.

75. Plaintiff LORENZO CABRERA GOMEZ was paid by Defendants approximately $10.00 per hour from in or about April 2014 until on or around September 5, 2015.

76. Although Plaintiff LORENZO CABRERA GOMEZ worked approximately 66 (sixty-six) hours or more per week during the period of his employment by Defendants from in or around April 2014 until on or around September 5, 2015, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

77. Plaintiff LORENZO CABRERA GOMEZ was also unpaid for 4 hours of work on his last day.

78. Plaintiff JULIO C. TAVAREZ was employed by Defendants at M. LOPEZ CONTRACTING CORP. from in or around February 2014 until on or around September 5, 2015.

79. During Plaintiff JULIO C. TAVAREZ'S employment by Defendants at M. LOPEZ CONTRACTING CORP., Plaintiff's primary duties were as a laborer, demolition worker, cleaner, and performing other miscellaneous duties from in or around February 2014 until on or around September 5, 2015.

80. Plaintiff JULIO C. TAVAREZ was paid by Defendants approximately $11.00 per hour from in or about February 2014 until on or around September 5, 2015.

81. Although Plaintiff JULIO C. TAVAREZ worked approximately 66 (sixty-six) hours or more per week during the period of his employment by Defendants from in or around February 2014 until on or around September 5, 2015, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

82. Plaintiff JULIO C. TAVAREZ was also unpaid for 4 hours of work on his last day.

83. Plaintiff JUAN SUERO JIMENEZ was employed by Defendants at M. LOPEZ CONTRACTING CORP. from in or around May 2014 until in or around September 5, 2015.

84. During Plaintiff JUAN SUERO JIMENEZ'S employment by Defendants at M. LOPEZ CONTRACTING CORP., Plaintiff's primary duties were as a laborer, demolition worker, cleaner, and performing other miscellaneous duties from in or around May 2014 until in or around September 5, 2015.

85. Plaintiff JUAN SUERO JIMENEZ was paid by Defendants approximately $16.00 per hour from in or about May 2014 until in or around September 5, 2015.

86. Although Plaintiff JUAN SUERO JIMENEZ worked approximately 91 (ninety-one) hours or more per week during the period of his employment by Defendants from in or around May 2014 until in or around September 5, 2015, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

87. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
88. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
89. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

90. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:
91. Collective Class: All persons who are or have been employed by the Defendants as carpenters, drivers, painters, demolition workers, construction workers, laborers, cleaners, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.
92. Upon information and belief, Defendants employed between 25 and 30 employees within the past three years subjected to similar payment structures.
93. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
94. Defendants' unlawful conduct has been widespread, repeated, and consistent.
95. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

96. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

97. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

98. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

99. The claims of Plaintiffs are typical of the claims of the putative class.

100. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

101. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

### FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

102. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

103. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

104. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

105. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

106. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the

regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

107. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

108. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

109. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

110. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

111. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

112. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

113. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

114. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

115. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

116. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

117. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203, by failing to pay certain Plaintiffs wages for at least 4 hours of at least one workday, if not more.

118. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

119. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

120. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

121. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

122. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

123. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

124. Defendants failed to record, credit or compensate some of the Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652 for at least four hours of at least one workday.

125. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

126. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

127. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

128. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

129. Defendants are liable to Plaintiffs in the amount of $2,500.00 each, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

130. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

131. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

132. Defendants are liable to Plaintiffs in the amount of $2,500.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that judgment be granted:
   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
   b. Awarding Plaintiffs unpaid overtime wages;
   c. Awarding Plaintiffs unpaid minimum wages;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 11th day of May of 2016.

_____
Roman Avshalumov, Esq. (RA 5508)
Puja Sharma, Esq. (PS 5933)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE CARRETO, DOUGLAS GIOVANNI MEJIA, REILYN TAVERAS, ALVIN J. TAVAREZ, JOSE ESTEVEZ TORIBIO, LORENZO CABRERA GOMEZ, JULIO C. TAVAREZ, and JUAN SUERO JIMENEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

M. LOPEZ CONTRACTING CORP., MATTIAS LOPEZ, MARYANN RIBAUDO, and JOHN DOE a/k/a CHARLIE, as individuals,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

TO:
M. LOPEZ CONTRACTING CORP.
523 TOWNLINE ROAD, SUITE 15
HAUPPAUGE, NY 11788

513 C ACORN STREET
DEER PARK, NY 11729

MATTIAS LOPEZ
523 TOWNLINE ROAD, SUITE 15
HAUPPAUGE, NY 11788

513 C ACORN STREET
DEER PARK, NY 11729

MARYANN RIBAUDO
523 TOWNLINE ROAD, SUITE 15
HAUPPAUGE, NY 11788

200 PARKWAY DRIVE SOUTH, SUITE 301
HAUPPAUGE, NY 11788

JOHN DOE a/k/a CHARLIE
523 TOWNLINE ROAD, SUITE 15
HAUPPAUGE, NY 11788

513 C ACORN STREET
DEER PARK, NY 11729

16